UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| SARAH,<br><br>    Plaintiff,<br><br>v.<br><br>GOOGLE LLC, YOUTUBE LLC, JAMES JACKSON, also known online as "ONISION," and LUCAS JACKSON, formerly known online as "LAINEYBOT," "LAINEY" and "KAI,"<br><br>    Defendants. | CASE NO.: 1:23-CV-00223<br>Hon. Hala Y. Jarbou |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF EX PARTE
MOTION FOR CONTEMPT FOR DEFENDANTS'
VIOLATION OF COURT'S MARCH 30, 2023 ORDER**

On March 30, 2023, this Court entered an Order that Plaintiff may proceed in this matter using the pseudonym "Sarah" and that Plaintiff's "true identity must not be revealed in any publicly filed papers in this case or by the Defendants." (PageID.113) (the "Order"). Defendants James and Lucas Jackson ("Defendants") violated this Order twice. First, on March 31, 2023, Defendants filed an exhibit disclosing Plaintiff's full name (PageID.213). Second, on April 7, 2023, Defendants again disclosed Plaintiff's true identity in the related case and flagging it as "plaintiff in related case." *Alonso v. Google LLC, et. al.,* 5:23-cv-00091-JA-PRL (FLMD Feb. 8, 2023). Plaintiffs move this Court to order Defendants to show cause why they should not be held in contempt of court and sanctioned for ongoing violations of this Court's Order.

I.   **Statement of Facts & Procedural Background**

On February 8, 2023, Regina Alonso filed a lawsuit against Defendants in the Middle District of Florida. On March 2, 2023, Plaintiff Sarah filed this lawsuit against Defendants in the Western District of Michigan. Both cases were related and Notices of Related Cases were filed in each case. (PageID.86; Exhibit C).

Defendants were personally served on March 10, 2023 with the Alonso Complaint, the Sarah Complaint (PageID.1-67), both Summons (PageID.90-91; Exhibit B), and both Notices of Related Filing (PageID.86; Exhibit C). Defendants' Florida attorney enter a Notice of Appearance on Defendants' behalf on March 30, 2023 in the Alonso case. Defendants' Michigan attorney entered a Notice of Appearance on Defendants' behalf on March 31, 2023 in the Sarah case.

On March 30, 2023, this Court entered an Order permitting Plaintiff to proceed under the pseudonym "Sarah" and ordered that "the Plaintiff's true identity must not be revealed in any publicly filed papers in this case or *by the Defendants*." (PageID.113) (emphasis added).

On March 31, 2023, Defendants' filed a Motion to Dismiss in this case and attached an unredacted version of Exhibit B on the public docket. This unredacted document disclosed Sarah's true identity. On April 1, 2023, Plaintiff's counsel reached out to Defendants' Michigan counsel and alerted her that the unredacted version of Exhibit B had been filed on the public docket in direct violation of this Court's Order. Defendant's Michigan counsel took action to remove Plaintiff's name from the public docket. (PageID.216-218). This Honorable Court also took expedited measures over

the weekend to remove the unredacted version of Exhibit B from the docket (PageID.214). On April 3, 2023, the Court issued an Order to Show Cause to Defendants, asking why an unredacted version of this document was filed, contrary to the Court's Order, and for an explanation as to the delay in informing the Court of the unredacted document. (PageID.214). Defendants' Michigan counsel filed her reply the same day and expressed that the filing was inadvertent error and she had alerted the Court as expeditiously as possible (PageID.218). On April 7, 2023, this Court dismissed the show cause order. (PageID.244).

On the same day, April 7, 2023 at 6:26 PM, Defendants filed their Corporate Disclosure Statement in the Florida case. (Exhibit A). In that filing, Defendants identify Plaintiff Sarah's full name as an interested party. Specifically, Defendants' disclosure states "Sarah [middle initial and last name], plaintiff in related case." The related case filing clearly references this Michigan case and provides the citation reference to find it on the public docket. (Exhibit C).

At 9:43 PM, Plaintiff's counsel realized the disclosure of Sarah's name occurred again and immediately emailed Defendants' Florida counsel, notified him that the filing disclosed Sarah's full name in violation of this Court's order, and requested he remove it from the public docket. (Exhibit D). At 10:41 PM, Plaintiff's counsel followed up by providing Defendants' Florida counsel a copy of the Order from the Michigan case. (Exhibit D). Recognizing that the email was sent late on Friday for a holiday weekend for those that celebrate Easter, Plaintiff's counsel gave Defendants' counsel time to respond. To date, no response has been received and no action has

3

been taken by Defendants to remove the public filing that is in direct violation of this Court's Order.

## II.     Legal Standard

To request Defendants be held in civil contempt, Plaintiff has the burden of establishing by clear and convincing evidence that Defendants "violated a definite and specific order of the court requiring [them] to perform or refrain from performing a particular act or acts with knowledge of the court's order." *Rolex Watch U.S.A., Inc. v. Crowley*, 74 F.3d 716, 720 (6th Cir. 1996) (citing *N.L.R.B. v. Cincinnati Bronze, Inc.,* 829 F.2d 585, 591 (6th Cir.1987).

Civil contempt sanctions may be imposed in a regular civil proceeding upon notice and an opportunity to be heard. *United States v. City of Jackson, Miss.*, 359 F.3d 727, 731 (5th Cir. 2004). While sanctions are imposed not to punish disobedience but to coerce compliance, the contemnor may also be required to pay damages to the plaintiff for injury suffered as a result of the violation, or to deter future conduct. *Am. Airlines, Inc. v. Allied Pilots Ass'n*, 228 F.3d 574, 584 (5th Cir. 2000). Courts should consider the following factors in imposing a civil contempt sanction: (a) the harm from noncompliance; (b) the probable effectiveness of the sanction; (c) the contemnor's financial resources and the burden the sanctions may impose; and (d) the contemnor's willfulness in disregarding the court's order. *United States v. United Mine Workers of America*, 330 U.S. 258, 303-304 (1947).

An award of attorney fees for civil contempt is within the district court's

discretion, and no showing of willfulness is required. *Harcourt Brace Jovanovich Legal & Prof. Pubs. v. Multistate Legal Studies, Inc.*, 26 F.3d 948, 953 (9th Cir. 1994).

### III. Argument

The U.S. Supreme Court has outlined the factors by which the Court should consider whether to impose sanctions. The factors include (a) the harm from noncompliance; (b) the probable effectiveness of the sanction; (c) the contemnor's financial resources and the burden the sanctions may impose; and (d) the contemnor's willfulness in disregarding the court's order. *United Mine Workers*, 330 U.S. at 303-304.

*Factor 1: Harm from Non-Compliance*

The harm from non-compliance is extraordinary and irreparable. Plaintiff requested permission of this Court to proceed under a pseudonym because the claims involve a matter of the utmost intimacy and Plaintiff was a minor during the time she was sex trafficked. (PageID.97-99). Plaintiff's identity, once released on the internet, is difficult to get back, if not impossible. Plaintiff has alleged in her complaint that Defendant James Jackson ("Onision") used his platform to blame Plaintiff for "raping" him, accused Plaintiff of "blackmailing" him for bringing litigation against him, and defamed Plaintiff publicly by attacking her character. (PageID.48-51). Plaintiff reasonably fears retaliation from Onision and stalking and harassment from other members of the online community since many of Onision's fans have targeted other women who opposed Onision. (PageID.9). "Having [a plaintiff's] name in the public domain, especially in the Internet age, could subject the plaintiff to future unnecessary interrogation, criticism, or psychological trauma, as a result of bringing

5

this case." *Doe v. Cabrera*, 307 F.R.D. 1, 7 (D.D.C. 2014).

### *Factor 2: Probable Effectiveness of the Sanction*

This Court has already addressed this issue, issued an Order to Show Cause, and demanded an explanation for the violation of this Court's order. Nonetheless, this was ineffective at preventing a future violation in another forum. Civil monetary sanctions are necessary to ensure this Court's Order is followed and Sarah's name is not irretrievably disclosed across the internet.

### *Factor 3: The Contemnor's Financial Resources and the Burden the Sanction May Impose*

Defendant's current financial status is unknown to Plaintiff.

### *Factor 4: The Contemnor's Willfulness in Disregarding the Court's Order*

This Honorable Court issued a clear directive to Defendants – they were not to publish Plaintiff's full name. When this Court issued this Order, it took into account that this Order would incorporate actions by these Defendants both in this case, or in any other form of publication when it expanded the protective order to include "in this case *or* by the Defendants." (PageID.113) (emphasis added).

When the first violation of the Order occurred, Defendant's Michigan attorney represented to this Court that the publication was inadvertent, accidental, and she took action to remedy the issue as quickly as she was able to do so. (PageID.216-218). Despite having just been required to answer an Order to Show Cause for this exact violation, seven (7) days later, the same violation happened again in the related case

6

when Defendants again published Sarah's full name and linked that publication to this case so that there was no doubt that the Sarah disclosed in the Alonso case was the same person as in this case. (Exhibit A). When Defendant's Florida attorney was contacted regarding the same violation, even giving him the benefit of extra time to respond in good faith due to the holiday weekend, no response was received, and Sarah's full name continues to be public on the docket.

The continuing nature of the violations and the lack of swift and immediate action to remove the filing from the docket indicate willfulness on the part of Defendants.

## IV. Conclusion

Plaintiff requests this Honorable Court to issue an Order to Show Cause to Defendants to explain why they should not be held in contempt of court for again violating this Court's Order to not publish Sarah's full name and not immediately taking steps to correct the violation and notify the court in Florida.

DATED: April 11, 2023

/s/ *Lisa D. Haba*
Lisa D. Haba
**THE HABA LAW FIRM, P.A.**
1220 Commerce Park Dr., Suite 207
Longwood, FL 32779
Telephone: (844) 422-2529
lisahaba@habalaw.com

/s/ *James R. Marsh*
James R. Marsh
Margaret E. Mabie
**MARSH LAW FIRM PLLC**
31 Hudson Yards, 11th Floor
New York, New York 10001
Telephone: (212) 372-3030

jamesmarsh@marsh.law
margaretmabie@marsh.law

*Attorneys for Plaintiff*