UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNKNOWN PARTY,

    Plaintiff,

v.

GOOGLE LLC, et al.,

    Defendants.

_____/

Case No. 1:23-cv-223

Hon. Hala Y. Jarbou

## ORDER

On March 30, 2023, this Court issued a Protective Order directing that "Plaintiff's true identity must not be revealed in any publicly filed papers in this case or by the Defendants" (ECF No. 13). On March 31, 2023, Defendants James Jackson and Lucas Jackson ("the Jacksons") filed their motion to dismiss, brief, and exhibits A-D (ECF No. 15). Exhibit B contained Plaintiff's full name, contrary to the Court's Protective Order. On April 7, 2023, the Jacksons disclosed Plaintiff Sarah's full name in a Disclosure Statement filed in a related case pending in the Middle District of Florida, *Alonso v. Google LLC, et al.*, 523-cv-91-JA-PPRL (M.D. Fla. Feb. 8, 2023). (*See* Disclosure Statement, ECF No. 23-3.) Before the Court is Sarah's motion to hold the Jacksons in contempt for violating the Protective Order (ECF No. 23).

To reflect the seriousness of contempt, "courts must exercise the contempt sanction with caution and use '[t]he least possible power adequate to the end proposed.'" *Gascho v. Global Fitness Holdings, LLC*, 875 F.3d 795, 800 (6th Cir. 2017) (quoting *United States v. Wilson*, 421 U.S. 309, 319 (1975)). "A party that seeks civil contempt sanctions must demonstrate by clear and convincing evidence that the opposing party knowingly 'violated a definite and specific order

of the court.'" *Id.* (quoting *NLRB v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 591 (6th Cir. 1987)). "The burden of showing that an order is definite and specific is heavy." *Id.* (citing *Grace v. Ctr. for Auto Safety*, 72 F.3d 1236, 1241 (6th Cir. 1996)). Sarah has not met her burden to hold the Jacksons in civil contempt.

With respect to the March 31, 2023, incident, the Court issued a Show Cause Order (ECF No. 18) directing the Jacksons to explain why an unredacted document was filed. In their response to the Order, the Jacksons indicated that the filing of the unredacted Exhibit B was "inadvertent" and "unintentional." (Defs. Jacksons' Resp. to Show Cause Order, ECF No. 20, PageID.217.) Counsel for the Jacksons was not aware that she had attached the incorrect Exhibit B until counsel for Sarah emailed her on April 1, 2023; the error was remedied on April 2, 2023. (*Id.*) Civil contempt sanctions are designed, in part, to enforce compliance with court orders. *Clapper v. Clark Dev., Inc.*, 747 F. App'x 317, 322 (6th Cir. 2018) (citing *Downey v. Clauder*, 30 F.3d 681, 685 (6th Cir. 1994)). Holding the Jacksons in contempt and imposing sanctions would be ineffective in protecting against such an inadvertent disclosure. The Jacksons mistakenly filed an unredacted exhibit. The Court and the parties worked together to correct the disclosure within a few days. The Court finds that such conduct does not warrant holding the Jacksons in civil contempt.

Sarah further argues that the Jacksons should be held in contempt for disclosing her full name in a related case pending in the Middle District of Florida. Sarah argues that the Court "took into account that [the Protective Order] would incorporate actions by these Defendants both in this case, or in any other form of publication[,]" including the related case in the Middle District of Florida. (Pl.'s Mem. in Supp. of Mot. for Contempt, ECF No. 23-1, PageID.252.)

"Contempt cannot be based on 'a decree too vague to be understood.'" *Gascho*, 875 F.3d at 800 (quoting *Int'l Longhorsemen's Ass'n, Local 1291 v. Phila. Marine Trade Ass'n*, 389 U.S. 64, 76 (1967)).  "Accordingly, when deciding whether a court order is 'definite and specific,' courts must construe any ambiguity in favor of the party charged with contempt." *Id.* (internal citation omitted); *see also Paterek v. Vill. of Armada*, 801 F.3d 630, 644 (6th Cir. 2015).

The Protective Order indicates that "the Plaintiff's true identity must not be revealed in any publicly filed papers in this case or by the Defendants." (Protective Order, PageID.113 (emphasis added).)  The Protective Order, which was drafted by Sarah herself, is vague and ambiguous.  It unquestionably applies to any filings in this case, but it makes no mention of the case pending in the Middle District of Florida.  Sarah now asks this Court to "notify the court in Florida" of the Jacksons' inclusion of Sarah's full name in their Disclosure Statement and compel compliance with the Protective Order.  (Pl.'s Mem. in Supp. of Mot. for Contempt, PageID.253.)  To the Court's knowledge there is no protective order in the Florida case for either the plaintiff or Sarah.  Moreover, this Court has no jurisdiction to order another federal district court to redact Sarah's name from their docket.  The Court construes the ambiguity in the Protective Order in the Jacksons' favor and finds that they did not violate a definite and specific order.

Accordingly,

**IT IS ORDERED** that Plaintiff Sarah's Motion for Contempt (ECF No. 23) is **DENIED**.


Dated: April 13, 2023                                       /s/ Hala Y. Jarbou
                                                            HALA Y. JARBOU
                                                            CHIEF UNITED STATES DISTRICT JUDGE