**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| SARAH,<br><br>    Plaintiff,<br><br>    v.<br><br>Google LLC, YouTube LLC, James JACKSON, also known online as "ONISION," and LUCAS JACKSON, formerly known online as "LAINEYBOT," "LAINEY" and "KAI,"<br><br>    Defendants. | CASE No: 1:23-cv-00223-HYJ-SJB<br><br>HONORABLE HALA J. JARBOU<br><br>MAGISTRATE SALLY J. BERENS |

**DEFENDANT YOUTUBE'S OPPOSITION
TO MOTION BY JACKSON DEFENDANTS TO TRANSFER THE CASE
TO THE WESTERN DISTRICT OF WASHINGTON**

Defendants YouTube, LLC and Google LLC (collectively "YouTube") intend to bring a Motion to Dismiss the Plaintiff's Complaint in the coming weeks. In the meantime, Defendants James Jackson and Lucas Jackson (together, "the Jackson Defendants") have filed a motion to dismiss under Fed. R. Civ. P. 12(b)(2), (3), and (5), or, in the alternative, to transfer the case pursuant to 28 U.S.C. 1404(a) to their home forum: the Western District of Washington. Mot. ECF No. 15; *see also* ECF Nos. 16, 21. YouTube takes no position on the Jackson Defendants' Rule 12 Motion to Dismiss, which primarily seeks dismissal of the claims against them for lack of personal jurisdiction. But YouTube opposes

Defendant's motion to transfer this case to the Western District of Washington because the Jackson Defendants have waived their right to seek the transfer of a YouTube-related case based on their convenience and private interests. As YouTube users, who created YouTube channels through which they uploaded videos to the YouTube service, the Jackson Defendants expressly agreed to YouTube's Terms of Service, which includes an agreement that "[a]ll claims arising out of or relating to these terms or the Service . . . will be litigated exclusively in the federal or state courts of Santa Clara County, California." Declaration of Benjamin Margo ("Decl.") ¶ 2 (quoting https://www.youtube.com/t/terms). Accordingly, the only federal venue to which the Jackson Defendants could plausibly seek a transfer is the Northern District of California.

## I. BACKGROUND

YouTube allows visitors to access and use its service—including by creating channels and uploading videos free of charge—provided they agree to its Terms of Service. *See* Compl. (ECF No. 1) ¶¶ 25-26, 86-87 (referencing the Terms). In order to create a channel and upload content to YouTube, every user is required to accept the TOS. The Jackson Defendants created YouTube channels that they used to post numerous videos to YouTube, and they affirmatively agreed to the TOS as part of

the process of doing so. *See* Compl. (ECF No. 1) ¶ 8 (alleging that James Jackson created his first YouTube channel in 2006).

At all times relevant here, the TOS included an express forum-selection clause designating Northern California courts as the required venue for litigation arising out of the YouTube Service. This is the version of the provision applicable to all current users:

All claims arising out of or relating to these terms or the Service will be governed by California law, except California's conflict of laws rules, and will be litigated exclusively in the federal or state courts of Santa Clara County, California, USA. You and YouTube consent to personal jurisdiction in those courts.

Decl. ¶ 2. "Service" is a defined term in the TOS that encompasses "the YouTube platform and the products, services and features we make available to you as part of the platform[.]" *Id.* Santa Clara County, California lies within the Northern District of California. *See* 28 U.S.C. § 84(a).

Plaintiff filed suit on March 2, 2023, alleging (wrongly) that YouTube is liable under federal sex trafficking laws because it allowed Defendant James Jackson to create a YouTube channel and shared the associated advertising revenue. Compl. (ECF No. 1) ¶¶ 352-418 (Counts II-IV). On March 31, 2023, the Jackson Defendants filed their motion to dismiss or in the alternative to transfer.

3

ECF No. 15; *see also* ECF No. 16 (refiled on April 2, 2023); ECF No. 21 ("Mot.") (brief refiled on April 3, 2023). YouTube's response to the Complaint is due on or before May 8, 2023. *See* ECF Nos. 6-7.

## II. ARGUMENT

### A. The Jackson Defendants Agreed to a Valid Forum-Selection Clause that Applies in this Case.

It is indisputable that the Jackson Defendants agreed to YouTube's Terms. And the broad forum-selection clause in YouTube's Terms encompasses this dispute. The clause covers all claims that "aris[e] out of or relat[e] to these terms or the Service". Though YouTube does not believe that Plaintiff has stated a viable claim against YouTube, her injuries are allegedly attributable to a "venture" that includes YouTube. Compl. ¶ 367 (PageID.56). Such a claim "relates to" the YouTube service. Plaintiff also cites the YouTube Terms of Service six times, making clear that her claims, at least as alleged, "relate" to the Terms as well. *Id.* ¶¶ 25, 35, 86, 363, 383, 410 (PageID.5-7, 15, 56, 58-59, 62-63). The broad language of the forum-selection clause readily encompasses Plaintiff's claims.

An unbroken line of cases has held that YouTube's forum-selection clause is valid and enforceable. *See Trump v. YouTube, LLC*, No. 1:21-cv-22445-KMM, 2021 U.S. Dist. LEXIS 258273, at \*23 (S.D. Fla. Oct. 6, 2021) (transferring case to N.D. Cal. pursuant to YouTube's TOS); *Muhammad v. YouTube, LLC*, No. 18-836-SDD-EDW, 2019 WL 2338503, at \*3 (M.D. La. June 3, 2019) (same);

4

*Seaman v. YouTube, LLC*, No. 3:18-cv-833-HEH, Dkt. 20 at 1 (E.D. Va. Apr. 5, 2019) and No. 4:19-cv-01903-SBA, Dkt. 20 at 1 (N.D. Cal. Apr. 5, 2019) (same); *Song Fi, Inc. v. Google Inc.*, 72 F. Supp. 3d 53, 64 (D.D.C. 2014) (same). The forum-selection provision is also mandatory. It states that covered claims "will be litigated exclusively in the federal or state courts of Santa Clara County, California[.]" Decl. ¶ 2;  *see also, e.g.*, *Trump*, 2021 U.S. Dist. LEXIS 258273, at *23 ("[T]he Court finds the terms of the forum-selection clause to be both mandatory and unambiguous."). Under the clear terms of the governing agreement, the Jackson Defendants agreed to a binding requirement to resolve claims like these in the Northern District of California, not the Western District of Washington.

## B. The Jackson Defendants Have Waived the Private-Interest Arguments they Invoke in Support of Transfer.

"[A] valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases." *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 571 U.S. 49, 63 (2013) (citation omitted). Following *Atlantic Marine*, courts in this district have routinely done so. *See Lukasak v. Premier Sports Events, LLC*, No. 1:19-cv-450, 2014 U.S. Dist. LEXIS 207078, at *5 (W.D. Mich. Apr. 2, 2020) (transferring case consistent with forum-selection clause); *Lakeside Surfaces, Inc. v. Cambria Co.*, No. 1:18-cv-110, 2020 U.S. Dist. LEXIS 43727, at *36 (W.D. Mich. Mar. 13, 2020) (dismissing case on grounds of *forum non*

*conveniens* consistent with forum-selection clause); *Riedstra Dairy, Ltd. v. McLanahan Corp.*, No. 1:18-CV-77, 2018 U.S. Dist. LEXIS 79738, at *8-9 (W.D. Mich. May 11, 2018) (same); *Rosta AG v. Lovejoy, Inc.*, No. 1:16-cv-199, 2018 U.S. Dist. LEXIS 246286, at *8-11 (W.D. Mich. Apr. 23, 2018) (same). Here, the forum-selection clause prevents the Jackson Defendants from obtaining a transfer to a forum other than the one they previously agreed to for YouTube-related cases: the Northern District of California. *See Sundesa v. IQ Formulations, LLC*, No. 2:19-cv-06467-AB-MAA, 2020 U.S. Dist. LEXIS 247936, at *14 (C.D. Cal. Aug. 19, 2020) ("As the party seeking to challenge the forum selection clause, and avoid its enforcement, Defendant has failed to meet its burden of establishing that the public interest factors warrant transfer.").

    That is true regardless of the relative inconvenience to the Jackson Defendants—under *Atlantic Marine* their private interests in having this case heard in a different forum drop out of the analysis. *Atl. Marine*, 571 U.S. at 63. Accordingly, "a court evaluating a defendant's §1404(a) motion to transfer based on a forum-selection clause should not consider arguments about the parties' private interests." *Id.* at 64. "[A] district court may consider arguments about public-interest factors only. . . . Because those factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases." *Id.*; *see also id.* at 62 n.6 (discussing private interest factors).

6

Yet the Jackson Defendants primarily rely on those private-interest factors to justify a transfer. *See* Mot. at 19-20 (citing as justification for a transfer defendants' domicile, the location of witnesses, and the "physical location where the alleged misconduct occurred"). They offer no argument that a transfer to their home district is justified in the *public* interest. But because they already agreed that this dispute should be heard in a different forum, these private-interest factors should be disregarded and certainly cannot justify moving this case to the Western District of Washington.

## CONCLUSION

The Jackson defendants agreed to a contract designating the Northern District of California as the proper forum to hear disputes related to the YouTube service. The Court should not allow them to "flout[] [their] contractual obligation" and seek to have this suit litigated in "a different forum" from the one to which they already agreed. *Atl. Marine*, 571 U.S. at 64. The Jackson Defendants' transfer motion under 28 U.S.C. § 1404(a) should be denied.

              Respectfully Submitted,

              **Clark Hill PLC**

          By: */s/ Christopher M. Trebilcock*
             Christopher M. Trebilcock
             500 Woodward Avenue, Suite 3500
             Detroit, Michigan 48226
             ctrebilcock@clarkhill.com
DATE: April 20, 2023      (313) 965-8300

7

|  | **Wilson Sonsini Goodrich & Rosati** |
|---|---|
|  | **Professional Corporation** |
|  |  |
| By: | */s/ Brian M. William* |
|  | Brian M. Willen |
|  | Benjamin Margo |
|  | 1301 Avenue of the Americas, 40th Floor |
|  | New York, NY 10019-6022 |
|  | (212) 999-5800 |
|  | bwillen@wsgr.com |
| DATE:  April 20, 2023 | bmargo@wsgr.com |

*Attorneys for Defendants*
*GOOGLE LLC and YOUTUBE, LLC*

## CERTIFICATE OF COMPLIANCE WITH LCivR 7.2(b)(i)

I hereby certify that the foregoing brief contains 1,459 words per the Word Count function in Microsoft Word (Version 2202), not including the case caption or the signature block.

By: */s/ Christopher M. Trebilcock*
Christopher M. Trebilcock

## CERTIFICATE OF SERVICE

I hereby certify that on April 20, 2023, I caused the foregoing paper to be electronically filed with the Clerk of Court using the ECF system, which will send notification to counsel of record.

*/s/ Christopher M. Trebilcock*
Christopher M. Trebilcock