UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| SARAH,<br><br>    Plaintiff,<br><br>    v.<br><br>Google LLC, YouTube LLC, James JACKSON, also known online as "ONISION," and LUCAS JACKSON, formerly known online as "LAINEYBOT," "LAINEY" and "KAI,"<br><br>    Defendants. | CASE No: 1:23-cv-00223-HYJ-SJB |

**REPLY IN FURTHER SUPPORT
OF MOTION BY GOOGLE LLC AND YOUTUBE, LLC TO
<u>TRANSFER TO THE NORTHERN DISTRICT OF CALIFORNIA</u>**

**TABLE OF CONTENTS**

**Page**

ARGUMENT ................................................................................................................................. 2

I.  Plaintiff Concedes That She Agreed to The Forum-Selection Clause as an Adult, Which Makes Irrelevant Her Arguments About Whether She Can Be Bound To The TOS As a Minor. ............... 2

II. Plaintiff's Public-Interest Arguments Do Not Overcome the Forum-Selection Clause. ................. 5

CONCLUSION .............................................................................................................................. 7

## TABLE OF AUTHORITIES

**Page(s)**

### CASES

*Atl. Marine Constr. Co. v. United States Dist. Ct. for the W. Dist. of Tex.*,
    571 U.S. 49 (2013) ................................................................................................ *passim*

*Ekin v. Amazon Servs., LLC*,
    84 F. Supp. 3d 1172 (W.D. Wash. 2014) ........................................................................ 5

*Levin v. Alms & Assocs., Inc.*,
    634 F.3d 260 (4th Cir. 2011) .......................................................................................... 5

*Lukasak v. Premier Sports Events, LLC*,
    2014 U.S. Dist. LEXIS 207078 (W.D. Mich. Apr. 2, 2020) ............................................ 2

*Muniz v. Sharp Deal Auto Repair, Inc.*,
    2014 U.S. Dist. LEXIS 199097 (S.D. Fla. July 7, 2014) ............................................. 4-5

*Oribe Hair Care, LLC v. Canales*,
    2017 U.S. Dist. LEXIS 73812 (S.D. Fla. May 15, 2017) ................................................ 6

*Perera v. H & R Block E. Enters., Inc.*,
    914 F. Supp. 2d 1284 (S.D. Fla. 2012) ............................................................................ 4

*Sellers v. JustAnswer LLC*,
    73 Cal. App. 5th 444 (2021) ............................................................................................ 3

*Shingler v. Smile Care, LLC*,
    2014 U.S. Dist. LEXIS 97181 (N.D. Ohio July 17, 2014) .............................................. 6

*Song fi, Inc. v. Google Inc.*,
    72 F. Supp. 3d 53 (D.D.C. 2014) ................................................................................. 6, 7

*Stewart Org., Inc. v. Ricoh Corp.*,
    487 U.S. 22 (1988) ........................................................................................................... 5

*TradeComet.com LLC v. Google, Inc.*,
    435 F. App'x 31 (2d Cir. 2011) ....................................................................................... 4

*Trujillo v. Gomez*,
    2015 U.S. Dist. LEXIS 51068 (S.D. Cal. Apr. 17, 2015) ................................................ 5

*Warfighter FOCUSed Logistics, Inc. v. Partminer Indus., LLC*,
    2022 U.S. Dist. LEXIS 62665 (E.D. Mich. Apr. 4, 2022) ........................................... 6, 7

Defendants Google LLC and YouTube, LLC (collectively, "YouTube") submit this reply in further support of their motion to transfer this case to the Northern District of California. *See* Mot. (ECF No. 43). YouTube's Motion to Transfer showed that Plaintiff's claims against YouTube fall within the forum-selection clause in YouTube's Terms of Service ("TOS") (*id.* at PageID.518-20), that the clause is mandatory and enforceable (*id.* at PageID.520-522 & n.1), and that Plaintiff cannot meet the heavy burden laid out by the United States Supreme Court in *Atlantic Marine* to overcome the terms of the parties' agreement (*id.* at PageID.522-523). *See Atl. Marine Constr. Co. v. United States Dist. Ct. for the W. Dist. of Tex.*, 571 U.S. 49, 63 (2013).

Plaintiff's opposition brief (ECF No. 45) is most notable for what it does not say. Plaintiff does not dispute that her allegations fall within the broad language of the clause—because they arise from her and the Jackson Defendants' use of YouTube and the choices YouTube allegedly made in policing its service. ECF No. 43, PageID.518-520. Nor does she dispute that the forum-selection clause is enforceable and has repeatedly been applied to transfer similar cases. *Id.* at PageID.520-522 & n.1. And it is also undisputed that Plaintiff agreed to the TOS ***as an adult*** on November 6, 2019 and again on November 25, 2019. *Id.* at PageID.515-516; Declaration of Raquel Small ("Small Decl.") ¶¶ 7-9 (ECF No. 37, PageID.403).[1]

Nevertheless, to avoid transfer, Plaintiff makes several arguments, all of which fail. *First*, Plaintiff claims that any agreements she entered into as a minor are invalid because she did not have the requisite capacity to agree to the contract. But Plaintiff's former status as a minor is beside the point here. YouTube has not sought to enforce a contract Plaintiff agreed to as a minor. Instead, YouTube seeks to apply a forum-selection clause Plaintiff agreed to ***as an adult***; a contract which

---

[1] The Small Declaration was filed in support of Google's Motion to Transfer at ECF No. 37, PageID.402-404; though Google's corrected brief cites to the Declaration (*e.g.*, ECF No. 43, PageID.514), the Declaration itself was inadvertently omitted from the corrected filing (*see* ECF No. 43-1). In an abundance of caution, another copy of the Declaration is attached as Ex. A.

1

Plaintiff acknowledges she accepted and in so doing created "a new contract"(ECF No. 45, PageID.590-591). *See* ECF 43, PageID.514-516, Small Decl. ¶¶ 7-9 (ECF No. 37, PageID.403).

*Second*, Plaintiff wrongly assumes that the forum-selection clause only covers claims that arose *after* she agreed to the contract. That is wrong. The forum-selection clause, by its terms, applies to "*[a]ll* claims" arising from the YouTube service, and it regulates not the parties' primary conduct but where they are to file and pursue litigation. ECF No. 43, PageID.515 (emphasis added). Plaintiff cites no authority allowing litigants to escape forum-selection provisions on this basis, and to the contrary courts have consistently applied similar language to claims based on events that predated the parties' acceptance of the relevant agreement.

*Third*, Plaintiff argues that her choice of venue should be given greater weight than the forum-selection clause she agreed to. ECF No. 45, at PageID.591-595. That ignores binding law. Under *Atlantic Marine*, such private-interest considerations are irrelevant, and the public-interest factors that may be considered do not preclude a transfer.

## ARGUMENT

I.  **Plaintiff Concedes That She Agreed to The Forum-Selection Clause as an Adult, Which Makes Irrelevant Her Arguments About Whether She Can Be Bound To The TOS As a Minor.**

The Supreme Court's decision in *Atlantic Marine* requires that "a valid forum-selection clause [be] given controlling weight in all but the most exceptional cases." 571 U.S. at 62-63; *accord Lukasak v. Premier Sports Events, LLC,* 2014 U.S. Dist. LEXIS 207078, at *5 (W.D. Mich. Apr. 2, 2020) ("when a forum-selection clause exists, it must be given controlling weight") *(citing Atl. Marine,* 571 U.S. at 63). Plaintiff tries to get around this by arguing that she cannot be bound by the version of the agreement she accepted as a minor. But at least in this case, Plaintiff's argument is irrelevant. What matters is the fact—which Plaintiff does not dispute—that she agreed

2

to the YouTube TOS, including its forum-selection provision, on November 6 and November 25, 2019, **when she was an adult**. ECF No. 43, PageID.516. Indeed, Plaintiff concedes as much when she acknowledges in her opposition that her agreement to the TOS in 2019 was "equivalent to a new contract." ECF No. 45, PageID.591. Competent adults are bound when they enter into standard-form contracts like this one, ECF No. 43, PageID.520-521 & n.1 (citing cases), and Plaintiff does not argue otherwise. Nor does she claim that her 2019 agreement was not valid or that some additional formalities were required in order for her to be bound. To the contrary, she concedes that online agreements to terms like YouTube's TOS "have been generally upheld by federal courts." ECF No. 45, PageID.585 (citing *Sellers v. JustAnswer LLC*, 73 Cal. App. 5th 444, 471-72 (2021)). Given that, it does not matter here whether Plaintiff had the capacity to agree to the TOS when she was a minor, and there certainly is no need to oblige Plaintiff's request for "additional factfinding to determine" whether the TOS agreement is binding on a "14-year-old" (ECF No. 45, PageID.586).[2]

Plaintiff's second argument is that the forum-selection clause in the 2019 agreement does not cover this case because, supposedly, the events giving rise to her claims against YouTube occurred before she accepted that agreement. ECF No. 45, PageID.580. This argument is both factually and legally incorrect. Plaintiff's claims in fact rely on alleged acts and omissions by YouTube at least as recent as 2021. Compl. ¶¶ 331-337 (ECF No. 1, PageID.51-52). More

---

[2] Plaintiff argues that because Plaintiff was a minor, the Court should scrutinize various factors to determine whether she had effective notice of the forum-selection clause when she signed up for a YouTube account. Opp. at PageID.585-586 (discussing *Sellers*, 73 Cal. App. 5th at 473). But YouTube submitted undisputed evidence that Plaintiff, as an adult, agreed to the TOS, including the forum-selection clause, by "affirmatively click[ing] a button indicating her acceptance of and agreement to be bound by the TOS." Small Decl. ¶ 7 (ECF No. 37, PageID.403). Plaintiff offers no evidence to the contrary nor any authority suggesting that doing so was insufficient to bind her. To the contrary, she concedes that she validly accepted the agreement at that time. The Court thus has no need here to address the standards for binding minors to online agreements.

3

importantly, however, Plaintiff's ignores the clear language of the forum-selection clause. By its terms, that provision applies to "*[a]l claims* arising out of or relating to these terms or the Service." ECF No. 43, PageID.515 (quoting Decl. ¶ 4 (PageID.402) & Ex. A at 15 (PageID.541)) (emphasis added).³ This language is not ambiguous, and it does not purport to limit its application to claims based on future events. The provision applies to "all claims"—no matter when they accrued—that the parties seek to assert arising from or relating to the YouTube service, and it requires that such claims be litigated in California. *Id*. at PageID.521 & n.1 (collecting cases). That involves no "retroactive" application of the agreement; the purpose of the forum-selection clause is not to govern primary conduct, but to govern where legal disputes "will be litigated." *Id*. at PageID.515 (quoting Decl. ¶ 4 (PageID.402) & Ex. A at 15 (PageID.541)). Here, of course, Plaintiff commenced this litigation well *after* she accepted the TOS.

Unsurprisingly, therefore, courts have consistently rejected the argument Plaintiff makes in applying forum-selection and arbitration agreements. The Second Circuit did so in a case involving a similar Google forum-selection clause, holding that "[t]he district court … did not impermissibly give 'retroactive' effect" to the provision because it "broadly includes any claim arising under or related to the 'Google Programs,' irrespective of whether it arose prior to or subsequent to the acceptance of the . . . agreement." *TradeComet.com LLC v. Google, Inc.*, 435 F. App'x 31, 35 (2d Cir. 2011). The court of appeals noted that it was "guided … by analogous cases discussing the retroactive application of arbitration clauses." *Id*. at 34. And, indeed, where such a clause "contains no temporal limitation," courts have made clear that it "covers claims or disputes that accrued before Plaintiff signed the Agreement." *Perera v. H & R Block E. Enters., Inc.*, 914

---

³ Other than her temporal argument, Plaintiff does not dispute that her claims in this case "arise out of or relate to" both the YouTube Terms of Service and the YouTube Service, which as YouTube explained in its motion, brings them within the broad sweep of the forum-selection clause. Mot. at PageID.518-519.

4

F. Supp. 2d 1284, 1289 (S.D. Fla. 2012); *see also, e.g.*, *Muniz v. Sharp Deal Auto Repair, Inc.*, 2014 U.S. Dist. LEXIS 199097, at *6 (S.D. Fla. July 7, 2014) (same, and explaining that the clause need not "specifically state that it retroactively encompasses" past events); *Levin v. Alms & Assocs., Inc.,* 634 F.3d 260, 267–68 (4th Cir. 2011) ("[C]ourts have generally applied broad 'any dispute' language retroactively, especially when combined with language that refers to all dealings between the parties."); *Ekin v. Amazon Servs., LLC*, 84 F. Supp. 3d 1172, 1178 (W.D. Wash. 2014) (rejecting argument that arbitration provision covering "any dispute or claim" only applied "prospective[ly]"); *Trujillo v. Gomez*, 2015 U.S. Dist. LEXIS 51068, at *22 (S.D. Cal. Apr. 17, 2015) ("Courts have rejected arguments that similarly-worded arbitration clauses do not encompass claims because the claims are based on events pre-dating the agreements containing the arbitration clauses."). Tellingly, Plaintiff cites no contrary authority.

In sum, Plaintiff concedes that she accepted the forum-selection clause as an adult, and the fact that her acceptance of that agreement occurred after some of the events giving rise to her claims—though well before she filed those claims—is no barrier to applying that clause here.

## II. Plaintiff's Public-Interest Arguments Do Not Overcome the Forum-Selection Clause.

Under *Atlantic Marine*, where (as here) there is a forum-selection clause, the private interest factors including Plaintiff's choice of forum are irrelevant, and Plaintiff carries the "burden of showing that public-interest factors overwhelmingly disfavor a transfer." *Atl. Marine*, 571 U.S. at 66. She cannot do so. Instead, Plaintiff relies on *Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22 (1988) to argue that the Court must measure "the fairness of the transfer in light of the forum-selection clause and the parties' relative bargaining power.'' ECF No. 45, PageID.592. But *Stewart* —a case whose *holding* that federal law applies to transfer motions is still good law, but contains dicta that has been undercut by subsequent developments—is the wrong framework to

5

use in light of the Court's more recent ruling in *Atlantic Marine*. The Supreme Court has since made clear that "a court evaluating a defendant's § 1404(a) motion to transfer based on a forum-selection clause ***should not consider arguments about the parties' private interests***. When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation." 571 U.S. at 64 (emphasis added). That instruction belies any free-floating consideration of "fairness … in light of … relative bargaining power" in deciding whether to hold the parties to a duly accepted forum-selection clause. *See Shingler v. Smile Care, LLC*, 2014 U.S. Dist. LEXIS 97181, at *5, 8 (N.D. Ohio July 17, 2014) (rejecting "Plaintiff's argument that *Atlantic Marine* is somehow inapplicable" unless there is "equal bargaining power between sophisticated entities").

Plaintiff's limited "fairness" and public-interest arguments boil down to this: it is not fair to make Plaintiff litigate against YouTube in the forum she agreed to; YouTube is a big company; the Northern District of California is busier than this District; and this District has an interest in hearing the claims of local victims. ECF No. 45, PageID.593-595. These arguments are makeweight. "[I]t is not improper for YouTube to require that claims against it be brought in the non-arbitrary forum where it resides." *Song fi, Inc. v. Google Inc.*, 72 F. Supp. 3d 53, 62-64 (D.D.C. 2014). The Northern District of California is well-run, and Plaintiff's handpicked statistics merely suggest that it is a larger district with more civil cases pending, and that the median civil case there takes 1.6 months longer to resolve than in this District. ECF No. 45, PageID.594. In any event, "court congestion" is a "factor [that] generally does not warrant significant consideration" in the *Atlantic Marine* analysis. *Oribe Hair Care, LLC v. Canales*, 2017 U.S. Dist. LEXIS 73812, at *12 (S.D. Fla. May 15, 2017) (citation omitted); *accord Warfighter FOCUSed Logistics, Inc. v. Partminer Indus., LLC,* 2022 U.S. Dist. LEXIS 62665, at *7 (E.D. Mich. Apr. 4, 2022) ("public-

interest factors 'rarely defeat' transfer."). And this case does not present such a local controversy that it would be unreasonable to try the case in California—the parties' pre-selected forum. *Id.* (transferring case from Michigan where there was a "local interest present" "to litigate a case that involve[d] … a Michigan resident."). Plaintiff concedes that this case is not uniquely localized; her "injuries are local" in the same way that "millions of YouTube users across the globe" may allege similar injuries. ECF No. 45, PageID.595. If this was enough to defeat a forum-selection clause, *Atlantic Marine* would be a dead letter. *Cf. Song fi*, 72 F. Supp. 3d at 64 ("As Defendants point out, because many millions of users from across the globe create accounts and upload videos on YouTube's website free of charge, the forum-and-venue-selection clause is necessary to manage the costs of litigation and reduce the burden to YouTube personnel of litigating all over the world.") (cleaned up).

In short, this case does not involve the "rare[]" circumstances where the public-interest factors can "defeat a transfer motion[.]" *Atl. Marine*, 571 U.S. at 51.

## CONCLUSION

Because Plaintiff agreed—on two occasions, as an adult—to a binding forum-selection clause that applies to her claims, YouTube's motion to transfer should be granted.

7

        Respectfully submitted,

        **Clark Hill PLC**

DATE:  June 16, 2023      By: */s/ Christopher M. Trebilcock*
        Christopher M. Trebilcock
        500 Woodward Avenue, Suite 3500
        Detroit, Michigan 48226
        ctrebilcock@clarkhill.com
        (313) 965-8300

        **Wilson Sonsini Goodrich & Rosati Professional Corporation**

DATE:  June 16, 2023      By: */s/ Brian M. Willen*
        Brian M. Willen
        Benjamin Margo
        1301 Avenue of the Americas, 40th Floor
        New York, NY 10019-6022
        (212) 999-5800
        bwillen@wsgr.com
        bmargo@wsgr.com

        Attorneys for Defendants
        GOOGLE LLC and YOUTUBE, LLC

**CERTIFICATE OF COMPLIANCE WITH LCivR 7.3(b)(i)**

This brief complies with the limitation set forth in W.D. Mich. L. Civ. R 7.3(b)(i) because it contains 2,366 words, excluding parts of the brief exempted by Local Rule 7.3(b)(ii). This word count was generated using Microsoft Word for Microsoft 365.

By:   */s/ Christopher M. Trebilcock*
Christopher M. Trebilcock

**CERTIFICATE OF SERVICE**

I hereby certify that on June 16, 2023, I caused the foregoing paper to be electronically filed with the Clerk of Court using the ECF system, which will send notification to counsel of record.

By:   */s/ Christopher M. Trebilcock*
Christopher M. Trebilcock