UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| SARAH,<br><br>   Plaintiff,<br><br>v.<br><br>GOOGLE LLC, YOUTUBE LLC, JAMES JACKSON, also known online as "ONISION," and LUCAS JACKSON, formerly known online as "LAINEYBOT," "LAINEY" and "KAI,"<br><br>   Defendants. | CASE NO.: 1:23-CV-00223<br>Hon. Hala Y. Jarbou |

**JOINT STATUS REPORT**

In accordance with this Court's Order dated June 1, 2023 (PageID.572), the parties have met and prepared a joint status report as follows:

1. **Jurisdiction:**

   **A. Subject-Matter Jurisdiction:**

   The parties agree that the Court has federal question subject-matter jurisdiction, pursuant to 28 U.S.C. § 1331, because Plaintiff brought this action under 18 U.S.C. §§ 2255 and 1595.

   The parties agree that the Court has diversity subject-matter jurisdiction pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the parties have complete diversity, insofar as Plaintiff is a Michigan resident, Defendants Onision and Lainey are Washington residents, and Defendant YouTube is a Delaware LLC that has its principal place of business in California.

   **B. Personal Jurisdiction**

   Plaintiff asserts that this Court has personal jurisdiction because 18 U.S.C. § 2255 allows for national jurisdiction. Further, Plaintiff has alleged

that all of the acts that give liability to Google LLC and YouTube, LLC (the "YouTube Defendants") took place in this district, and a substantial portion of the acts that give liability to James and Lucas Jackson (the "Jackson Defendants") took place in this district.

The Jackson Defendants filed an objection to personal jurisdiction based on the grounds that Michigan's long arm-statute does not provide sufficient ties to the District, Michigan is an inconvenient forum, and other relief as set forth in their motion, docketed at ECF No. 15 and 15-1 (PageID.140-161). The Jackson Defendants have also requested that venue be transferred to the Western District of Washington. Plaintiff's brief in opposition is docketed at ECF No. 30 (PageID.290-316).

The YouTube Defendants disagree with Plaintiff that they committed any relevant acts in this District. As alleged, YouTube's approval of James Jackson to join the YouTube Partner Program, and YouTube's alleged omission of other actions with respect to James Jackson, took place in the Northern District of California. They do not object to personal jurisdiction but did file a Motion to Transfer Venue to the Northern District of California pursuant to a forum-selection clause. The YouTube Defendants' corrected transfer motion and supporting brief are docketed at ECF Nos. 42-43 (PageID.506-571). Plaintiff's brief in opposition is docketed at ECF No. 45 (PageID.577-596). The YouTube Defendants' reply brief is docketed at ECF No. 53 (PageID.665-676).

2. **Jury or Non−Jury:** This case is to be tried before a jury.

3. **Judicial Availability:** The parties do not agree to have a United States Magistrate Judge conduct further proceedings in the case, including trial, and to order the entry of final judgment.

4. **Statement of the Case**:

Plaintiff alleges that the Jackson Defendants used the Onision YouTube channels and online forums to lure, entice, recruit and groom minors, to include Plaintiff. Plaintiff alleges that the Jackson Defendants enticed and encouraged Plaintiff to travel to Washington for the purpose of grooming her for sexual activity in violation of federal sex trafficking and child pornography laws. Plaintiff alleges that James Jackson sexually assaulted Plaintiff and Lucas Jackson assisted and enabled James in carrying out the sexual assault. Plaintiff additionally alleges that James Jackson defamed Plaintiff, imputing to her an untrue lack of chastity, dishonesty, and criminality.

Plaintiff alleges that YouTube LLC and Google LLC (the "YouTube Defendants") joined in an agency and/or profit-sharing relationship with James Jackson through the YouTube Partnership Program, which modified their duty to monitor his partnership actions. Plaintiff alleges that she was a victim of the underlying predicate criminal acts and suffered harm as a result of that victimization due to all the Defendants' actions. Finally, Plaintiff alleges that the YouTube Defendants knew or should have known that James Jackson was violating the terms of service and knowingly benefitted from a sex trafficking venture.

The Jackson Defendants deny the allegations and assert that Plaintiff's claims are without factual or legal merit.

The YouTube Defendants deny Plaintiff's allegations. They do not deny entering into a standard-form contract with James Jackson (attached to their motion to dismiss at ECF 41-1 (Ex. B) (PageID.504-505)) and paying him a portion of the ad revenue he generated under that agreement. However, that agreement created no agency relationship whatsoever, and certainly did not create a joint venture for the purpose of sex trafficking. Further, Google and YouTube assert that, as explained in their pending motion to dismiss, Plaintiff's claims fail as a matter of law because the Complaint alleges no culpable involvement by Google or YouTube in the Jackson Defendants' alleged off-line misconduct, because the statutes at issue do not provide for secondary liability in any event, and because the Complaint does not allege that Google or YouTube itself violated any criminal statute. Beyond that, Section 230 of the Communications Decency Act bars Plaintiff's claims.

5. **Prospects of Settlement**: The parties are not amenable to settlement at this time. The reasons for this are reflected in the pending dispositive motions, as well as the motions to transfer venue.

6. **Pendent State Claims**: This case does include two pendent state claims.

Count V is a claim against the Jackson Defendants for Civil Remedies for Criminal Sexual Assault, MCL §§600.5805(6); 750.520b; 750.520c. Plaintiff has alleged that James Jackson committed a battery upon her consisting of intentional, harmful, unwanted and offensive sexual contact upon her vaginal area, penetrated her vagina with his penis while using physical force, and

ignored her pleas for him to stop. Additionally, Plaintiff has alleged that Lucas Jackson assisted and enabled this to happen. This caused Plaintiff injuries.

Count VI is a claim against James Jackson for Defamation Per Se, MCL § 600.2911. Plaintiff has alleged that James Jackson uttered and published false words imputing a lack of chastity, dishonesty, and criminality to Plaintiff in his "Goodbye" video. This video was posted to YouTube and Twitter and made available for public viewing. This caused Plaintiff injuries.

**7. Joinder of Parties and Amendment of Pleadings**: The parties expect to file all motions for joinder of parties to this action and to file all motions to amend the pleadings by October 15, 2023.

Plaintiff reserved the right to move this court to amend this date should the parties have had sufficient time to obtain discovery responses prior to this date. Plaintiff anticipates a potential new party that will only become known after the parties enter discovery.

**8. Disclosures and Exchanges:**

(a) Fed. R. Civ. P. 26(a)(1) requires initial disclosures unless the Court orders otherwise. The parties propose exchanging Rule 26(a)(1) disclosures on or before August 31, 2023.

(b) The parties expect to be able to furnish the names, area of expertise, and curriculum vitae of their respective expert witness(es) according to the following schedule:

| Plaintiff's expert disclosure | February 16, 2024 |
| Defendant's expert disclosure | March 8, 2024 |
| Plaintiff's rebuttal expert disclosure | April 15, 2024 |

*NOTE: The parties have another case in the Middle District of Florida. The Florida case has substantially the same claims and issues for the YouTube Defendants and related claims for the Jackson Defendants. Most of the experts and witnesses will be the same in both cases for all parties. As such, the proposed dates contemplate the Florida case dates, which have already been ordered by that Court, and have proposed a schedule that will work in accordance with the Florida schedule.*

(c) Should this Court retain jurisdiction, it would be advisable in this case to exchange written expert witness reports as contemplated by Fed. R. Civ. P. 26(a)(2). Reports, if required, should be exchanged according to the following schedule:

| Plaintiff's expert reports | March 15, 2024 |
| --- | --- |
| Defendant's expert reports | April 5, 2024 |
| Plaintiff's rebuttal expert reports | April 29, 2024 |

(d) In the event that the Court has not issued an opinion on the Defendants' pending motions to dismiss and or transfer, Plaintiff and the Jackson Defendants have agreed to exchange the following documents without the need of a formal request for production by November 2, 2023:

| From Plaintiff: | 1. Police Reports<br>2. Plane Tickets<br>3. Onision's Goodbye Video<br>4. Communications between James Jackson and Sarah<br>5. Communications between Lucas Jackson and Sarah<br>6. Phone log of calls to Sarah after Regina filed suit<br>7. Blackfin documentary release |
| --- | --- |
| From Jackson Defendants: | 1. Communications between James Jackson and Sarah<br>2. Communications between Lucas Jackson and Sarah<br>3. All videos created and posted by the Jackson Defendants commenting about Sarah<br>4. YouTube Partnership Program contract with James Jackson<br>5. YouTube Partnership Program contract with Lucas Jackson<br>6. YouTube Partnership Program termination letter<br>7. Paperwork establishing Lucas Jackson / Kai / Lainey as Sarah's guardian |

The YouTube Defendants will not exchange documents without a formal request for production. Both the YouTube Defendants and the Jackson Defendants reserve their right to seek to stay discovery pending the resolution of the motions to transfer and to dismiss.

**9. Discovery:** The parties believe that all discovery proceedings can be completed by May 30, 2024.

The parties recommend the following discovery plan:

a. The parties are agreeable to abide by the District's presumptive limitations on discovery, to include no more than 25 interrogatories per side, no more than 10 depositions per side, and no single deposition may go longer than 7 hours. The parties reserve the right to motion this court to modify these limitations for good cause shown.

b. The parties do not believe discovery should be conducted in phases.

c. The Defendants reserve the right to move this Court to stay discovery pending the resolution of the dispositive motions. Participation in the creation of this document does not waive the arguments and objections raised in the dispositive motions.

d. Should this Court retain jurisdiction, subjects of discovery shall include the elements of the claims alleged, damages, and any defenses, as outlined here:

**Court 1 – Direct Liability TVPRA** – Discovery shall include matters involving the Jackson Defendants' alleged use of instrumentalities and channels of interstate and foreign commerce to recruit, entice, harbor, transport, provide, obtain, maintain, patronize, or solicit Plaintiff, Plaintiff was under 18 years old, and Plaintiff was allegedly caused to engage in a commercial sex act. As a direct and proximate result of the Jackson Defendants' alleged conduct, Plaintiff allegedly suffered serious harm, including, without limitation, physical, psychological, financial, and reputational harm.

**Count 2 – Beneficiary Liability TVPRA** – Discovery shall include matters involving the Jackson Defendants' and the YouTube Defendants' alleged use of instrumentalities and channels of interstate and foreign commerce to knowingly benefit from participation in a venture which has allegedly recruited, enticed, harbored, transported, provided, obtained, maintained, patronized, or solicited Plaintiff, Plaintiff was under 18 years old, and Plaintiff allegedly was caused to engage in commercial sex acts. As a direct and proximate result of the Defendants' conduct,

Plaintiff allegedly suffered serious harm, including, without limitation, physical, psychological, financial, and reputational harm.

**Count 3 – Civil Remedies for Personal Injuries Related to Sex Trafficking** – Discovery shall include matters related to showing that while she was a minor, Plaintiff allegedly was a victim of sex trafficking by the Jackson Defendants (see *infra* Count 1), the YouTube Defendants allegedly benefitted from participation in that sex trafficking venture (see *infra* Count 2), and Plaintiff was allegedly harmed physically, psychologically, financially, and reputationally as a result of that victimization.

**Count 4 – Civil Remedies for Personal Injuries Related to Coercion and Enticement** – Discovery shall include matters related to showing that while she was a minor, Plaintiff allegedly was a victim of coercion and enticement to travel interstate for the purpose of sexual activity (or any attempt to do so), and Plaintiff was allegedly harmed physically, psychologically, financially, and reputationally as a result of that victimization.

**Count 5 – Civil Remedies for Criminal Sexual Assault** – Discovery shall include matters related to James Jackson's alleged intentional, harmful, unwanted and offensive sexual contact upon her vaginal area and alleged penetration of her vagina with his penis while using physical force.

**Count 6 – Defamation Per Se** – Discovery shall include matters related to words allegedly uttered and published by James Jackson imputing a lack of chastity, dishonesty, and criminality to Plaintiff, which allegedly was posted to YouTube and Twitter and made available for public viewing. Plaintiff was allegedly harmed psychologically, mentally, and emotionally.

**Reserved:** The Jackson Defendants have not filed an answer to the Complaint and are waiting on the Court's opinion on their motion to dismiss. In the event that the Court does not grant their motion to dismiss, the Jackson Defendants reserve the right to file a Counter-Claim for such alleged conduct by the Plaintiff such as breach of contract, libel, slander, defamation of character, fraud, conversion, and any other legal theories of recovery that they have or may have at the time that they file their answer. Thus, they reserve discovery on any counter-

claims against the Plaintiff, and also reserve discovery for any and all affirmative defenses which they may assert at such time as when they file their answer.

8. **Disclosure or Discovery of Electronically Stored Information ("ESI"):** The parties have discussed the production of electronically stored information and agree that the bulk of relevant documents in this case would constitute ESI.

The parties agree that before any confidential ESI is produced, a protective order would be needed to govern the disclosure of ESI.  The parties agree that they will meet and confer to determine the need for such a protective order, and if one is needed, the parties will attempt to provide an agreed protective order to the Court.

9. **Assertion of Claims of Privilege or Work−Product Immunity After Production:** The parties agree that should privileged materials be requested, the parties will conform with Rule 26(a)(5) and provide an appropriate privilege log.  Should that need to be contested, the parties shall follow the Court's procedures to file the appropriate motion.

The parties agree that if privileged items are inadvertently produced during discovery:
1. The disclosing party must notify the receiving party of the privileged nature of the document(s) diligently and promptly;
2. Upon notification of the inadvertent disclosure of privileged materials, the receiving party shall return all copies to the disclosing party and shall destroy all copies of the same; and
3. The disclosing party shall maintain a copy of the inadvertently disclosed item(s) so that it may be produced if ordered by the Court.

10. **Motions:**

(a) **Non-Dispositive Motions:** The parties acknowledge that W.D. Mich. LCivR 7.1(d) requires the moving party to ascertain whether the motion will be opposed, and in the case of all non-dispositive motions, counsel or pro se parties involved in the dispute shall confer in a good−faith effort to resolve the dispute. In addition, all non-dispositive motions shall be accompanied by a separately filed certificate.

(b) **Dispositive Motions:** The Defendants have already filed Motions to Dismiss and Motions to Transfer Venue, which are currently pending before this Court. The parties anticipate potentially filing a *Daubert* motion(s) depending on the expert evidence offered, and motion(s) for summary judgment.

(c) The parties anticipate that all dispositive motions will be filed by **June 24, 2024**.

11. **Alternative Dispute Resolution:** In the interest of conserving judicial resources, the parties acknowledge that the Court will require the parties to participate in some form of Alternative Dispute Resolution.

The parties recommend that this case be submitted to the following method(s) of alternative dispute resolution:

The parties would prefer to participate in Voluntary Facilitative Mediation (VFM) and all parties agree to this voluntary process.

The parties propose that the participants and attorneys should have the option to participate in VFM virtually. The parties do not believe that virtual mediation would detract from the effectiveness of the process and will conserve resources.

This matter has a sister case in the Middle District of Florida. Mediation is set in that case on November 13, 2023 before a private mediator and the parties are conducting a virtual mediation.

The parties would propose setting the date of September 7, 2023 to notify this Court of their proposed mediator. It is possible that the parties may propose to use the same mediator as the Florida case, or may select a mediator within this District to facilitate this VFM.

The parties anticipate having the VFM around the same time frame as the Florida case (late fall), but would propose setting the mediation completion date as May 17, 2024 (which is identical to the scheduling order for the Florida sister case).

Mediation would be timed to take place after initial disclosures.

    12. **Length of Trial:** Counsel estimates the trial will last approximately 10 day(s) total, allocated as follows: 5 day(s) for plaintiff's case and 5 day(s) for defendant's case.


*/s/ Lisa D. Haba*
Lisa D. Haba
Attorney for Plaintiff

*/s/ James R. Marsh*
James R. Marsh
Attorney for Plaintiff

*/s/ Christopher M. Trebilcock*
Christopher M. Trebilcock
Attorney for Defendants Google LLC and YouTube, LLC

*/s/ Brian M. Willen*
Brian M. Willen
Attorney for Defendants Google LLC and YouTube, LLC

*/s/ Michelle McLean*
Michelle McLean
Attorney for Defendants James Jackson and Lucas Jackson