## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN

SARAH,

      Plaintiff,

v.

GOOGLE LLC, YOUTUBE LLC, JAMES
JACKSON, also known online as
"ONISION," and LUCAS JACKSON,
formerly known online as "LAINEYBOT,"
"LAINEY" and "KAI,"

      Defendants.

CASE NO.: 1:23-CV-00223
Hon. Hala Y. Jarbou

## PLAINTIFF'S SUPPLEMENTAL AUTHORITY BRIEF REGARDING
## *G.G. V. SALESFORCE* FROM SEVENTH CIRCUIT

**TABLE OF CONTENTS**

I.      YOUTUBE PARTICIPATED IN ONISION'S VENTURE ..........................1

II.     YOUTUBE'S SCIENTER OF PLAINTIFF'S HARM ..................................3

## TABLE OF AUTHORITIES

**Cases**

*Doe #1 v. MG Freesites, LTD,* 2022 WL 407147 (N.D. Ala. Feb. 9, 2022) ...................4

*Doe v. GTE Corp.*, 347 F.3d 655 (7th Cir. 2003)........................................................2

*Does 1-6 v. Reddit, et. al.*, 51 F.4th 1137 (9th Cir. 2022) ...............................................1

*G.G. v. Salesforce.com, Inc.*, 603 F. Supp. 3d 626 (N.D. Ill. 2022) ...............................2

*J. B. v. G6 Hosp., LLC*, No. 19-CV-07848-HSG, 2020 WL 4901196 (N.D. Cal. Aug. 20, 2020) ...............................................................................................................2

*M.A. v. Wyndham Hotels & Resorts, Inc.*, 425 F. Supp. 3d 959 (S.D. Ohio 2019) ..........2

*Peyton v. Rowe*, 391 U.S. 54 (1968)..............................................................................2

*Ricchio v. McLean*, 853 F.3d 553 (1st Cir. 2017) ..........................................................2

*United States v. Jackson*, 622 F. App'x 526 (6th Cir. 2015)...........................................5

*United States v. Kettles,* 970 F.3d 637 (6th Cir. 2020) ...................................................5

**Statutes**

18 U.S.C. §1595(a) .......................................................................................................4

**Rules**

Fed. R. Civ. P. 9(b)........................................................................................................3

On August 3, 2023, the Seventh Circuit in *G.G. v. Salesforce.com, Inc.*, 76 F.4th 544 (7th Cir. 2023) liberally construed knowledge requirements in the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. §1595 irrespective of Section 230 of the Communications Decency Act ("CDA 230") immunity[1]. In some respects, this acknowledges and augments the Eleventh Circuit's decision in *Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714 (11th Cir. 2021), and in other respects it differs from *Red Roof*. Google LLC and YouTube LLC (collectively "YouTube") ignore that *Does 1-6 v. Reddit, et. al.*, 51 F.4th 1137 (9th Cir. 2022) pertains only to the FOSTA exemption to CDA 230—not the TVPRA. When CDA 230 is not at issue, such as in this case, the *Reddit* analysis is irrelevant. As such, the TVPRA analysis in *Red Roof* and *Salesforce* are the instructive opinions for this Court's consideration. The *Salesforce* decision is instructive for an analysis of §1595 in two parts: (1) participation in a venture, and (2) scienter—particularly regarding minor Plaintiffs. *Salesforce,* 76 F.4th. at 553.

## I.   YOUTUBE PARTICIPATED IN ONISION'S VENTURE

The Seventh Circuit supported the Eleventh Circuit's interpretation that the § 1591 definition of "participation" only exists in § 1591 and "should not be import[ed] into § 1595." *Salesforce*, 76 F.4th 558 (citing *Red Roof*, 21 F.4th at 724). This is because courts should "'liberally' construe 'participation' so that the civil remedy does not demand more of

---

[1] *Salesforce* states that CDA 230 "does not create an immunity of any kind" and instead "functions as an affirmative defense."  *Salesforce,* 76 F.4th at 566. This is in conflict with Sixth Circuit precedent, preventing Plaintiff from arguing that CDA 230 is not an immunity; however, Plaintiff preserves and endorses the argument that CDA 230 is an affirmative defense and not an immunity.

the plaintiff than a criminal prosecution demands of the government." *Id.* at 558-59 (citing *Peyton v. Rowe*, 391 U.S. 54, 65 (1968)).

The Eleventh Circuit and Seventh Circuit take alternative approaches to defining participation. The Eleventh Circuit determined that "participation" means to "[take] part in a common undertaking or enterprise involving risk and potential profit." *Id.* at 725. When arguing *Salesforce,* the defendants asked the court to define "participation" with the Eleventh Circuit's definition. *Id.* at 548, 561. The Seventh Circuit declined, holding instead that participation only required "a desire to promote the wrongful venture's success." *Id.* (citing *Doe v. GTE Corp.*, 347 F.3d 655, 659 (7th Cir. 2003)). The district court in *Salesforce* held that actual participation was not required for a beneficiary liability claim and where there was "no alleged 'direct association' between the beneficiary and the trafficker, courts have "required a showing of a continuous business relationship between the trafficker and the [defendant] such that it would appear that the trafficker and the [defendant] have established a pattern of conduct or could be said to have a tacit agreement" as to the venture which the defendant knew, or should have known, involved sex trafficking." *G.G. v. Salesforce.com, Inc.*, 603 F. Supp. 3d 626, 644-45 (N.D. Ill. 2022) (citing *J.B.*, 2020 WL 4901196 at *9) (quoting *M.A.*, 425 F. Supp. at 970). The Seventh Circuit adopted this finding and determined that in relation to "participation" in a venture, a defendant's "culpable assistance" can be established through a showing of "a continuous business relationship" or a "tacit agreement." *Salesforce,* 76 F.4th at 559 (quoting *J. B.*, 2020 WL 4901196, at *9; citing *M.A.,* 425 F. Supp. 3d at 970-71; citing *Ricchio v. McLean*, 853 F.3d 553, 555 (1st Cir. 2017)). "To survive a motion to dismiss, all that is necessary is for a plaintiff to allege such a "continuous business relationship," which gives rise to an inference, drawn in the plaintiff's

favor, that the civil defendant facilitated the venture's success." *Id.* at 560. Plaintiff alleged a continuous business relationship between the Codefendants and is entitled to reasonable inferences that YouTube facilitated a common undertaking or enterprise involving risk and reward.

## II.    YOUTUBE'S SCIENTER OF PLAINTIFF'S HARM

The Seventh Circuit's *Salesforce* decision acknowledged *Red Roof* when held that "[a]s the Eleventh Circuit has observed, if we incorporate § 1591's 'knowingly' scienter into § 1595, we render 'superfluous' §1595's 'should have known language.'" *Salesforce*, 76 F.4th at 558 (citing *Red Roof,* 21 F.4th at 724). *Salesforce* expanded this decision and found the Plaintiff was entitled to reasonable inferences regarding Salesforce's relationship with Backpage (including whether Salesforce "knew or should have known" that Backpage's was in the sex trafficking business). *Id.* at 555. The decision highlights that Fed. R. Civ. P. 9(b) only requires knowledge to be plead generally, and as such, pleading a general inference was sufficient to meet the § 1595 constructive-knowledge requirement at this stage. *Id.* at 555-56. Here, Sarah is likewise entitled to the reasonable inferences that YouTube had constructive knowledge of the Jackson Defendant's actions—including actions as to Plaintiff—based on their contractual and profit-sharing relationship. (PageID.20, 23 ¶¶115, 129).

The Seventh Circuit differed from the Eleventh Circuit in one material aspect of their *mens rea* analysis – knowledge of the specific victim. In *Red Roof,* the Eleventh Circuit held that a "§1595 civil claim premised on §1591" need only allege that the defendant "have either actual or constructive knowledge that the venture—in which it voluntarily participated and from which it knowingly benefited—violated the TVPRA as to the plaintiff." *Red Roof,* 21 F.4th at 725.

3

In *Salesforce,* the Seventh Circuit varied from the Eleventh Circuit, stating that it was "not persuaded that '*a venture*' and '*an* act' mean '*the* victim.'" The language of §1595 states that:

> …whoever knowingly benefits, or attempts or conspires to benefit, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter… 18 U.S.C. §1595(a) (emphasis added).

The Seventh Circuit clarified that "'a venture' need not be primarily a *sex-trafficking* venture, so it need not be . . . 'a *particular*' sex-trafficking venture. Even if it were, it would take an additional inferential leap to conclude that Section 1595 requires knowledge of a particular *victim* of that particular venture." *Salesforce*, 76 F.4th at 556. Further, if the legislature "meant in Section 1595 that the participant must have had actual or constructive knowledge of the specific victim, it could have simply said so. It did not . . . We see no reason to rewrite the statutory text by substituting "the" for "an." *Id.* "[T]his distinction is crucial because […] the civil statute allows a plaintiff to plead that the defendant merely had constructive knowledge." *Doe #1 v. MG Freesites, LTD,* 2022 WL 407147, at *11 (N.D. Ala. Feb. 9, 2022).

Further, the Seventh Circuit correctly recognized that if a large company, like Salesforce, simply buried its head in the sand as to the individual victims, and then only engaged with "high-level data on behalf of a venture that the company knows or should know is engaged in illegal sex trafficking on a large scale," it could insulate itself from liability.  *Salesforce*, 76 F.4th at 557.  By way of analogy, the court stated:

> [A] taxi service transporting trafficking victims on behalf of traffickers could claim that it lacked constructive knowledge where it knew that it was generally transporting trafficking victims so long as the drivers were shielded from seeing who specifically was in the back of their taxis. Or consider a prostitution ring that hires a construction company to build a better brothel, one that attracts more customers and is better insulated from the prying eyes of law enforcement. The contractor knows that the business is generally engaged in sex trafficking, but so long as the contractor does not

4

know of any individual victim, it would be insulated from civil liability. In other words, the larger the sex-trafficking venture, the less likely a victim would be able to prove sufficient knowledge. Nothing in the statutory text requires such an odd result. *Salesforce,* 76 F.4th at 557.

Finally, the *Red Roof* case did not involve minor victims. Minors are treated differently when it comes to sexual offenses. Plaintiff Sarah was a minor at the time of her victimization as it relates to YouTube's involvement in her harm. Even in criminal prosecutions, these types of sex offenses against minors have been "traditionally excepted from the background principle favoring scienter." *United States v. Kettles,* 970 F.3d 637, 647 (6th Cir. 2020). The Sixth Circuit held that "sister circuits have declined to reverse §1591 convictions where the defendant initially believed his or her victims were of age, but later encountered reasons to doubt that belief [...] We find the reasoning of our sister circuits persuasive and decline to depart from it[.]" *United States v. Jackson*, 622 F. App'x 526, 528 (6th Cir. 2015) (citations omitted).

Following the *Salesforce* analysis, Plaintiff Sarah need not plead specific knowledge as to the plaintiff pursuant to federal laws that protect children from sexual abuse.  Thus, this Court should deny YouTube's motion to dismiss and allow Sarah's claims to proceed.


DATED: September 18, 2023

/s/ Lisa D. Haba
Lisa D. Haba
**THE HABA LAW FIRM, P.A.**
1220 Commerce Park Dr., Ste. 207
Longwood, Florida 32779
Telephone: (844) 422-2529
lisahaba@habalaw.com

/s/ James R. Marsh
James R. Marsh
Margaret E. Mabie

**MARSH LAW FIRM PLLC**
31 Hudson Yards, 11th Floor
New York, New York 10001
Telephone: (212) 372-3030
jamesmarsh@marsh.law
margaretmabie@marsh.law

*Attorneys for Plaintiff*

**PROOF OF SERVICE**

Lisa D. Haba hereby states that she did serve a copy of PLAINTIFF'S

SUPPLEMENTAL AUTHORITY BRIEF REGARDING *G.G. v. SALESFORCE* FROM

SEVENTH CIRCUIT on September 18, 2023 pursuant to Fed. R. Civ. P. 5(d) via the

United States District Court for the Western District of Michigan electronic filing system.

DATED: September 18, 2023                    */s/ Lisa D. Haba*
                                            Lisa D. Haba
                                            **THE HABA LAW FIRM, P.A.**
                                            1220 Commerce Park Dr., Ste. 207
                                            Longwood, Florida 32779
                                            Telephone: (844) 422-2529
                                            lisahaba@habalaw.com