# EXHIBIT A

## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| SARAH,<br><br>        Plaintiff,<br><br>v.<br><br>Google LLC, YouTube LLC, James JACKSON, also known online as "ONISION," and LUCAS JACKSON, formerly known online as "LAINEYBOT," "LAINEY" and "KAI,"<br><br><br>        Defendants. | CASE No: 1:23-cv-00223-HYJ-SJB |

## DECLARATION OF CHRISTOPHER TREBILCOCK IN SUPPORT OF GOOGLE LLC AND YOUTUBE, LLC'S UNOPPOSED MOTION FOR JUDICIAL NOTICE OF TRANSFER ORDER

I, Christopher Trebilcock, declare as follows:

1.        I am an attorney admitted to practice in this Court, appearing on behalf of Defendants Google LLC and YouTube, LLC ("Google") in the above-captioned matter. I have personal knowledge of the facts set forth herein, and, if called as a witness, could and would testify competently thereto.

2.        Attached hereto as **Exhibit 1** is a true and correct copy of the order issued on September 28, 2023 by the Honorable John Altoon II of the United States District Court for the Middle District of Florida granting Defendant Google's Motion to Transfer the case *Alonso v. Google LLC et al.*, Case No. 5:23-cv-00091-JA-PRL (M.D. Fla.) to the Northern District of California pursuant to the forum-selection provision in YouTube's Terms of Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 10, 2023 in Wayne County, Michigan.

/s/ *[signature]*
Christopher Trebilcock

# EXHIBIT 1

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### OCALA DIVISION

REGINA ALONSO,

       Plaintiff,

v.

                                        Case No. 5:23-cv-91-JA-PRL

GOOGLE LLC, YOUTUBE LLC,
JAMES JACKSON and LUCAS
JACKSON,

       Defendants.

---

## ORDER

Before the Court are the Motion to Transfer Venue (Doc. 39) filed by Defendants YouTube, LLC, and Google, LLC, and the Motion to Transfer Venue (Doc. 33) filed by Defendants James and Lucas Jackson. Upon consideration of the parties' arguments, and for the reasons that follow, the Court will transfer this action to the United States District Court for the Northern District of California pursuant to the forum-selection clause in YouTube's Terms of Service.

# I.    BACKGROUND[1]

James Jackson started a YouTube channel in 2006 and began posting to it in 2007. (Doc. 1 ¶ 96). James[2] quickly attracted a fanbase of adolescent girls because he became known for commenting on body image, appearance, and self-identity, among other things.[3] (*Id.* ¶ 98). Eventually, YouTube and Google offered to monetize James's channels under their YouTube Partnership Program (YPP). Under the YPP, YouTube pays the YouTube Partner 55% of advertising revenue from their page and YouTube keeps the other 45%. (*Id.* ¶ 76). Google handles all advertising placement and revenue collection and pays the YouTube partner their portion of the profits pursuant to the YPP agreement. (*Id.* ¶ 77).

James also used his YouTube platform to invite fans to connect with him on online forums. (*Id.* ¶ 132). In 2012, Plaintiff, Regina Alonso, discovered James's videos and became a big fan. (*Id.* ¶ 151). Alonso soon began chatting with James's spouse, Lucas,[4] on one of James's forums. (*Id.* ¶ 153). When Alonso was between the ages of 15 and 17, she and Lucas developed a flirtatious and

---

[1] The Court draws the facts from the Complaint (Doc. 1) and provides them only as background.

[2] James goes by "Onision" online.

[3] The titles of some of James's videos include: "Am I Pretty?"; "How Skinny is Too Skinny?"; and "How to Give a Hickey." (Doc. 1 ¶ 111).

[4] Prior to 2019, Lucas identified as female and was known as "Lainey." In 2019, Lainey changed genders to identify as male and now goes by "Lucas." Male pronouns will be used to refer to Lucas in this Order.

sexual online relationship that included nude video calls and the exchange of nude photos. (*Id.* ¶¶ 157–58). In 2015, when Alonso was 17 years old, James and Lucas invited her to meet them in person for the first time at their home in Washington state. (*Id.* ¶ 40). After Alonso's mother refused her daughter's request to travel, the Jacksons moved on from her to their "next victim." (*Id.* ¶¶ 41–42).

In February 2023, Alonso filed this suit against the Jacksons, YouTube, and Google under 18 U.S.C. §§ 1595 & 2255, which provide civil remedies for violations of criminal statutes prohibiting sex crimes against minors. All Defendants now move to transfer venue. YouTube and Google seek to move the suit to the Northern District of California, (*see* Doc. 39), while the Jacksons request that it be transferred to their home state of Washington, (*see* Doc. 33).

## II.    LEGAL STANDARDS

Defendants YouTube and Google move to transfer venue pursuant to 28 U.S.C. § 1404(a), relying on the forum-selection clause in YouTube's Terms of Service (Terms). Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or *to any district or division to which all parties have consented.*" *Id.* (emphasis added). "The decision to transfer a case to another district is left to the sound

3

discretion of the trial court." *Brown v. Conn. Gen. Life Ins. Co.*, 934 F.2d 1193, 1197 (11th Cir. 1991).

Because the presence of a forum-selection clause "represents the parties' agreement as to the most proper forum," it requires that certain adjustments be made to the ordinary § 1404(a) analysis. *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 62–63 (2013) (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 31 (1988)). "These adjustments require a court evaluating a motion to transfer pursuant to a forum-selection clause to afford no weight to either the plaintiff's selected forum or the parties' private interests, and to ignore the choice-of-law rules of the original venue." *Hisey v. Qualtek USA, LLC*, 753 F. App'x 698, 703 (11th Cir. 2018). In such cases, the plaintiff "bear[s] the burden of showing why the court should not transfer the case to the forum to which the parties agreed." *Atl. Marine*, 571 U.S. at 64.

## III.  DISCUSSION

### A. Regina Alonso

Alonso argues that she is not bound by the forum-selection clause, (Doc. 46 at 8), and that even if she were, upholding it against her would not be in the interest of justice, (*id.* at 9). The Court disagrees.

When users create a YouTube account, they must agree to the platform's Terms. (*See* Doc. 39 at 1–3). The Terms include a forum-selection clause that states that "[a]ny claim or dispute . . . that arises in whole or in part from the

4

[YouTube] Service shall be decided exclusively by a court of competent jurisdiction located in Santa Clara County, California." (Doc. 39-1 ¶¶ 3–4).

Alonso contends that although she used the YouTube platform as a minor, she did not create an account and therefore did not agree to the Terms at the time the alleged events occurred. (Doc. 1 ¶ 220). It was not until 2016, when Alonso reached the age of majority, that she created a YouTube account and electronically agreed to the Terms for the first time. (Doc. 39 at 4). Alonso asserts that she did not ratify the agreement by agreeing to the Terms as an adult. (Doc. 46 at 6).

In their Motion to Transfer, YouTube and Google rely on Alonso's electronic agreement to the Terms in 2016 and again in 2019.[5] (Doc. 39 at 4–5). They argue that because Alonso agreed to this forum-selection clause twice as an adult prior to bringing this lawsuit, her claims squarely fall within the mandatory provision. (Doc. 39 at 2).

Alonso's argument that the forum-selection clause does not cover claims arising from events that occurred before she agreed to the Terms falls short

---

[5] The language of the forum-selection clause in effect in June 2010, when Alonso first watched James's YouTube videos, is the same as in November 2019, when Alonso agreed to the Terms for the second time:

> Any claim or dispute between you and YouTube that arises in whole or in part from the Service shall be decided exclusively by a court of competent jurisdiction located in Santa Clara County, California.

(Doc. 39-4 ¶ 14; Doc. 39-3 ¶ 14).

because it is contrary to the broad language of the agreement and to caselaw interpreting similar agreements. YouTube's forum-selection clause applies to "[a]ny claim . . . that arises in whole or in part from the Service." (Doc. 39-3 ¶ 14).

The term "Service" is defined as "the YouTube website [and] any YouTube products, software, data feeds, and services provided to you on, from, or through the YouTube website." (*Id.* ¶ 1(A)). The phrase "that arises . . . from the Service," much like the phrase "arising under or in connection with this Agreement," is interpreted broadly and covers "all causes of action arising directly or indirectly from the business relationship evidenced by the contract." *Stewart Org., Inc. v. Ricoh Corp.*, 810 F.2d 1066, 1070 (11th Cir. 1987), *aff'd*, 487 U.S. 22 (1988) (enforcing a forum-selection clause applicable to all disputes "arising under or in connection with this Agreement").

Similar language was used in the arbitration agreement at issue in *Muniz v. Sharp Deal Auto Repair, Inc.*, No. 14-20460-CIV, 2014 WL 12609466 (S.D. Fla. July 7, 2014). The agreement in *Muniz* stated, "Company and Employee agree that any legal dispute between them, arising out of Employee's employment by Company, shall be resolved by binding arbitration." *Muniz*, 2014 WL 12609466, at *1. The court in *Muniz* found that where there is no "effective date," the agreement will apply to "disputes occurring in part prior to the execution of the . . . agreement." *Id.* at *3 n.2.

6

Alonso erroneously relies on pre-*Atlantic Marine* case law to argue that in moving to transfer venue, Defendants "have a heightened burden" and can only succeed "where the balance of convenience of the parties strongly favors the moving party." (Doc. 46 at 10). In *Atlantic Marine*, the Supreme Court clarified that while normally "a district court considering a § 1404(a) motion must evaluate both the private interests of the parties and public-interest considerations," where a valid forum-selection clause exists, it should be "given controlling weight in all but the most exceptional cases." *Atl. Marine*, 571 U.S. at 62 (citing *Stewart*, 487 U.S. at 33). Therefore, it is Alonso who carries the "burden of showing that public-interest factors overwhelmingly disfavor a transfer." *Atl. Marine*, 571 U.S. at 66. She has not done so.

Finally, Alonso argues that the interest of justice disfavors transferring the case pursuant to the forum-selection clause. However, "[i]n all but the most unusual cases . . . 'the interest of justice' is served by holding parties to their bargain." *Id*. This is not an unusual case. The forum-selection clause is thus valid and enforceable.

**B. James and Lucas Jackson**

The Jacksons argue for transfer to the Western District of Washington because they reside there and it would be more convenient for them. (Doc. 33 at 2). YouTube and Google, however, argue that the Jacksons are bound by the forum-selection clause because they agreed to the Terms when they made their

7

YouTube accounts. (Doc. 39 at 4). The Jacksons do not deny this in their response to YouTube and Google's motion. (*See* Doc. 45). They merely state that "there's no reason to bootstrap [Alonso]'s claims against James and Lucas Jackson into a forum selection clause that does not apply to the facts alleged." (*Id.* at 3). However, not only do Alonso's alleged facts implicate the Jacksons' use of YouTube as a means of contacting her, (*see* Doc. 1 ¶37), but also the Jacksons were paid by YouTube and Google as part of the YPP (*see* Doc. 1 ¶109–110), necessarily implicating them in the dispute between Alonso and the two companies. Therefore, it is appropriate to transfer this entire action to the Northern District of California.

## IV. CONCLUSION

Accordingly, it is **ORDERED** as follows:

1. The Motion to Transfer Venue to the Northern District of California (Doc. 39) filed by Defendants YouTube, LLC and Google, LLC is **GRANTED**.

2. The Motion to Transfer Venue to the Western District of Washington (Doc. 33) filed by Defendants James and Lucas Jackson is **DENIED**.

3. This action is transferred to the Northern District of California, San Jose Division.

4. After transfer, the clerk shall close this case.

**DONE** and **ORDERED** on September 28th, 2023.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record

9